J-S32026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA SWING | |
| Appellant | No. 2818 EDA 2015 |

Appeal from the Judgment of Sentence July 7, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002204-2015

BEFORE: BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 06, 2016**

Appellant, Lisa Swing, appeals from the July 7, 2015 aggregate judgment of sentence of 5 to 10 years' imprisonment, followed by 12 years' probation, imposed following her entry of a negotiated guilty plea to robbery with serious bodily injury inflicted, burglary, and criminal conspiracy.[1] Contemporaneously with this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous. After careful review, we affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(a)(1), and 903.

[2] **Anders v. California**, 386 U.S. 738 (1967).

The trial court has set forth the relevant factual history as follows.

On February 19, 2015[, Appellant] entered her friend's apartment bearing two cups of coffee. Her friend, the Victim, turned to walk back in the apartment and was accosted by two men, [Appellant]'s co-conspirators. One man had a gun. The Victim was shocked with a stun gun and immobilized. Duct tape was applied to her eyes, hands and legs. Her pocketbook and jewelry were taken. A neighbor heard the commotion and called the police. [Appellant] and her co-conspirators were apprehended in a stolen truck and [Appellant] had the Victim's stolen jewelry in her jacket pocket.

Trial Court Opinion, 10/23/15, at 1.

On July 7, 2015, Appellant initialed each paragraph of, signed, and dated a negotiated guilty plea agreement. Following an on the record colloquy, Appellant pled guilty to the aforementioned crimes. N.T., 7/7/15, at 7. Appellant was sentenced the same day to an aggregate term of 5 to 10 years' imprisonment, followed by 12 years' probation, which was the recommended sentence in the plea agreement. On July 10, 2015, Appellant filed a timely post sentence motion to withdraw her guilty plea stating she "had done nothing wrong and wished to have a trial." Motion to Withdraw Guilty Plea, 7/10/15, at ¶ 5. On August 19, 2015, a hearing was held on Appellant's motion. On August 20, 2015, the trial court denied Appellant's motion. On September 17, 2015, Appellant filed a timely notice of appeal.[3]

_____

[3] On September 22, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule
*(Footnote Continued Next Page)*

On October 23, 2015, the trial court filed its Rule 1925(a) opinion. On January 7, 2016, counsel filed, with this Court, a motion to withdraw. Appellant has not filed a response to counsel's *Anders* brief or motion to withdraw.

In his *Anders* Brief, counsel has raised the following issue for our review.

> Whether the [trial c]ourt should have further explored the statements made by [Appellant] during the hearing on her motion to withdraw the guilty plea which suggested that she was innocent of the charges, was coerced into pleading guilty, was confused at the time, and that her medication kept her from entering a knowing, voluntary and intelligent plea?

*Anders* Brief at 2.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an *Anders* brief shall comply with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to

_(Footnote Continued)_ _____

of Appellate Procedure 1925(b). On October 9, 2015, counsel filed a statement of his intent to file an *Anders* brief in lieu of a concise statement, pursuant to Rule 1925(c)(4).

withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of [her] right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if

there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's ***Anders*** brief complies with the requirements of ***Santiago***. First, counsel has provided a procedural and factual summary of the case with references to the record. ***Anders*** Brief at 3-4. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. ***Id.*** at 5-7. Third, counsel noted, "[a]fter reviewing the record in this case, counsel has concluded that this appeal is frivolous." ***Id.*** at 8. Lastly, counsel has complied with the requirements set forth in ***Millisock***. ***See*** Letter from Counsel to Appellant, dated 1/8/16. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives [her] right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). "Our law presumes that a defendant who enters a guilty plea was aware of what [s]he was doing. [Sh]e bears the burden of proving otherwise." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "[A] defendant has no absolute right to withdraw a guilty plea; rather, the

- 5 -

decision to grant such a motion lies within the sound discretion of the trial court." ***Commonwealth v. Muhammad***, 794 A.2d 378, 382 (Pa. Super. 2002). The standard for deciding whether to grant a motion to withdraw a guilty plea varies based on when such a motion is filed. Our Supreme Court has concluded that a request to withdraw a guilty plea made before sentencing should be "liberally allowed," and outlined the following two-part test for a pre-sentence motion "(1) the defendant has provided a 'fair and just reason' for withdrawal of his plea; and (2) the Commonwealth will not be 'substantially prejudiced in bringing the case to trial.'" ***Id.*** at 383, *quoting* ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973). On the other hand, the standard for a post-sentence motion to withdraw a guilty plea is much higher. To obtain such relief, a defendant must make a "showing of prejudice on the order of manifest injustice." ***Commonwealth v. Warren***, 84 A.3d 1092, 1096 (Pa. Super 2014). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Lincoln***, ***supra*** at 610.

Instantly, a review of the record reveals Appellant filed a timely post sentence motion to withdraw her July 7, 2015 guilty plea on July 10, 2015. At the hearing on her motion, the trial court asked Appellant the basis for her request to withdraw her guilty plea. Appellant responded as follows.

> For – I feel like I'm not the guilty one here, he was, and I was – I was just scared. I didn't know what to do. I'm not going to take a plea that I'm not – I'm – I'm – I've done everything I'm supposed to do while

> in jail.  I was on the – on the – on drugs at the time and like I just followed.  I didn't do nothing wrong.  I wasn't the one who did any harm to anybody.  And I got letters from him like threatening me, say this, say that, and I didn't know what to do.  And I didn't know what to do the day and I was scared.  And this is the truth.

N.T., 8/19/15, at 4.  Appellant also made bald assertions that she was confused the day of the plea hearing, but went on to admit the plea agreement was explained to her and she was informed of the charges she was pleading guilty to.  *Id.* at 4-6.  Appellant further indicated at the time of the plea hearing she was taking prescribed medication for her mental health.  *Id.* at 7.

Notably, Appellant does not specifically assert that her plea was not entered knowingly, voluntarily, and intelligently.  Rather, she testified she was in shock, and "really didn't want to" plead guilty, but admitted she understood at the time of the guilty plea hearing what she was doing.  *Id.* at 7-8.  Further, a review of the plea hearing reveals the following occurred.

> [The trial court]:  Do you read, write and understand the English language?
>
> [Appellant]:  Yes, I do.
>
> [The trial court]:  Were you given sufficient time and opportunity to review a four page Guilty Plea Statement?
>
> [Appellant]:  She explained it to me, yes.
>
> [The trial court]:  Okay.  Did you read the whole thing?

[Appellant]:  No, I didn't read it, but she explained it to me.

[The trial court]:  Okay.  Is there some reason you didn't read the whole thing?

[Appellant]:  No, I was just – she explained it to me step by step.

[The trial court]:  Are you satisfied that she explained everything in there to you?

[Appellant]:  Yes, I did [sic].

[The trial court]:  Okay.  Did you understand everything that was communicated to you about this four page Guilty Plea Statement?

[Appellant]:  Yes, I do.

[The trial court]:  Okay.  You realize then that you don't have to plead guilty.  Is that correct?

[Appellant]:  Yes.

[The trial court]:  Okay.  If you went to trial the Commonwealth would have to prove you guilty of these offenses beyond a reasonable doubt.  That is the heaviest burden of proof under the law.  Knowing that you still wish to give up your right to trial and plead guilty in these matters?

[Appellant]:  Yeah.

[The trial court]:  Is anybody forcing you or pressuring you into accepting this plea?

[Appellant]:  No.

[The trial court]:  Are you currently under the effects of drugs, alcohol or any other substance that would prevent you from understanding the terms of the plea?

[Appellant]: No.

…

[The trial court]: The Court finds the plea to be knowing, voluntary, intelligent. ….

N.T., 7/7/15, at 5-7.

Accordingly, the record establishes that Appellant entered into the guilty plea knowingly, voluntarily, and intelligently. Appellant negotiated a plea with the Commonwealth, initialed every paragraph of the four page Guilty Plea Statement, an oral plea colloquy was held on the record and accepted by the trial court, and finally the trial court imposed the exact sentence the Commonwealth recommended. Therefore, Appellant has failed to demonstrate that the plea rose "to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Lincoln*, *supra*.

Based on the foregoing, we conclude the trial court properly denied Appellant's motion to withdraw her guilty plea. In addition, we have reviewed the certified record consistent with *Flowers* and have discovered no additional arguably meritorious issues. Accordingly, we grant counsel's petition to withdraw and affirm the trial court's July 7, 2015 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016